CLOSED

FILED
JAN 0 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| JONATHAN LEE RICHES, | ) | Nos. C 07-6156 MJJ (PR)  C 07-6315 MJJ (PR) |
|---|---|---|
| | ) | C 07-6271 MJJ (PR)  C 07-6316 MJJ (PR) |
| | ) | C 07-6272 MJJ (PR)  C 07-6317 MJJ (PR) |
| Plaintiff, | ) | C 07-6273 MJJ (PR)  C 07-6318 MJJ (PR) |
| | ) | C 07-6274 MJJ (PR)  C 07-6319 MJJ (PR) |
| v. | ) | C 07-6308 MJJ (PR)  C 07-6320 MJJ (PR) |
| | ) | C 07-6309 MJJ (PR)  C 07-6321 MJJ (PR) |
| | ) | C 07-6311 MJJ (PR)  C 07-6322 MJJ (PR) |
| JASON GIAMBI, et al., | ) | C 07-6312 MJJ (PR)  C 07-6323 MJJ (PR) |
| | ) | C 07-6313 MJJ (PR)  C 07-6324 MJJ (PR) |
| | ) | C 07-6314 MJJ (PR)  C 07-6325 MJJ (PR) |
| Defendants. | ) | |
| | ) | **ORDER DISMISSING CASES** |

Plaintiff, a federal prisoner proceeding pro se, filed the 22 civil actions listed above against a variety of defendants. The Court addresses the claims set forth in the complaint filed in each of these cases below.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

G:\PRO-SE\MJJ\CR.07\riches68.dsm.wpd



1  1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
2  elements: (1) that a right secured by the Constitution or laws of the United States was
3  violated, and (2) that the alleged violation was committed by a person acting under the
4  color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

5  Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of
6  the complaint's factual allegations and dismiss as frivolous those claims whose factual
7  contentions are clearly baseless. See Denton v. Hernandez, 504 U.S. 25, 32 (1992).
8  Examples are claims describing fantastic or delusional scenarios with which federal district
9  judges are all too familiar. See Neitzke v. Williams, 490 U.S. 319, 328 (1989). To pierce the
10  veil of the complaint's factual allegations means that a court is not bound, as it usually is
11  when making a determination based solely on the pleadings, to accept without question the
12  truth of the plaintiff's allegations. See Denton, 504 U.S. at 32. A finding of factual
13  frivolousness is appropriate when the facts alleged rise to the level of the irrational or the
14  wholly incredible, whether or not there are judicially noticeable facts available to contradict
15  them. See id. at 32-33.

16  1.   Riches v. Jason Giambi, No. C 07-6156 MJJ (PR)

17  Plaintiff alleges, inter alia, that he went to a baseball game in which defendant hit a
18  home run, and he seeks to have defendant's team forfeit the game because defendant was
19  "fakin, takin juice for boost." He makes numerous other baseless or incredible allegations
20  against defendant, including, inter alia, that defendant "is responsible for the 2004 tsunami,"
21  that the "Bush administration FICA wiretapping program needs to monitor" defendant's
22  telephone, that defendant has provided other athletes with steroids and cheated at charity
23  events, and that plaintiff is "offended hearing about" defendant's steroid abuse. As an initial
24  matter, defendant is a baseball player. As a private individual, he does not act under color
25  of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635,
26  640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983.
27  See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421
28  U.S. 949 (1975). Accordingly, plaintiff has failed to state a cognizable claim for relief under

1  § 1983. Moreover, as plaintiff's allegations are clearly baseless, irrational or wholly
2  incredible, they must be dismissed as frivolous under sections 1915A and 1915(e)(2).

3      2.    <u>Riches v. United Autoworkers Union, et al.</u>, No. C 07-6271 MJJ (PR)

4      Plaintiff sues defendants United Autoworkers Union ("UAW") and its president, Ron
5  Gettelfinger, under 42 U.S.C. § 1983 alleging that they are in "a vast conspiracy" to lower
6  wages, and that they provide prison guards transportation to work to "abuse" plaintiff. He
7  further alleges that Gettelfinger uses union dues to purchase drugs and child pornography,
8  and that the UAW has "illegal immigrants" who "plan on installing" bombs in Ford vehicles.
9  Defendants are a private individual and a private organization. As such, they do not act
10 under color of state law, an essential element of a § 1983 action. See <u>Gomez v. Toledo</u>, 446
11 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under
12 § 1983. See <u>Ouzts v. Maryland Nat'l Ins. Co.</u>, 505 F.2d 547, 559 (9th Cir. 1974), <u>cert.</u>
13 <u>denied</u>, 421 U.S. 949 (1975). Accordingly, plaintiff has failed to state a cognizable claim for
14 relief under § 1983. Moreover, plaintiff's allegations are clearly baseless, irrational or
15 wholly incredible, and therefore must be dismissed as frivolous under sections 1915A and
16 1915(e)(2).

17     3.    <u>Riches v. Hugo Chavez, et al.</u>, No. C 07-6272 MJJ (PR)

18     Plaintiff brings claims under 42 U.S.C. § 1983 against defendants Hugo Chavez, the
19 President of Venezuela and "Petroleos de Venzuela SA." Plaintiff alleges that defendants are
20 withholding oil from the United States, causing a rise in inflation. He further alleges that
21 Chavez has written letters to him in Russian confessing that Chavez came to South Carolina
22 in 1989 as "Hurricane Hugo" and caused a great deal of damage. He also alleges that Chavez
23 plans to use him as a slave and execute him in Caracas, that Chavez refuses to eat at "the
24 Olive Garden" restaurant, that Chavez is in secret negotiations to release French hostages
25 from Colombia "because John Kerry has a swift boat waiting off shore with Max Cleland as
26 a rower and Nancy Pelosi allowed Chavez to crash his ship into San Fran bay on the
27 beginning of November 2007." As plaintiff's allegations are clearly baseless, irrational or
28 wholly incredible, they will be dismissed as frivolous under sections 1915A and 1915(e)(2).

G:\PRO-SE\MJJ\CR.07\riches68.dsm.wpd        3

1    4.    Riches v. Carl Icahn, et al., No. C 07-6273 MJJ (PR)

Plaintiff brings claims under 42 U.S.C. § 1983 against defendants Carl Icahn, Nelson Peltz, TRIARC Co., Trian Fund Management, H.J. Heinz, Cadbury Schweppes, and BEA Systems, Inc.. Plaintiff alleges that defendants are companies, executives and shareholders that engage in business with "Axis of Evil Governments and Terrorist Organizations." Defendants are private individuals and organizations. As such, they do not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Accordingly, plaintiff has failed to state a cognizable claim for relief under § 1983.

5.    Riches v. Mattel Inc., et al., No. C 07-6274 MJJ (PR)

Plaintiff brings claims under 42 U.S.C. § 1983 against defendants Mattel, Inc. and its Chief Executive Officer, Robert Eckert.[1] Plaintiff alleges that defendants have him "major lead poisoning" because he used to collect their toys, and that they are "responsible for" his conviction. Defendants are a private individual and a private company. As such, they do not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Accordingly, plaintiff has failed to state a cognizable claim for relief under § 1983.

6.    Riches v. Lewinsky, et al., No. C 07-6308 MJJ (PR)

Plaintiff brings claims under 42 U.S.C. § 1983 against defendants Monica Lewinsky and Linda Tripp. Plaintiff alleges that Lewinsky "plans to intern for" the President of Iran, and that Tripp is "head of President' Bush's illegal wiretap program." He further alleges that defendants "told" prison officials to place him in solitary confinement, that Lewinksy is

---

[1] Plaintiff also names various toys as defendants: Barbie, Hot Wheels, and Matchbox.

G:\PRO-SE\MJJ\CR.07\riches68.dsm.wpd          4

sending him "hate mail" and "harassing" him, and that Tripp "can't stand Jewish people." He seeks ten million dollars in damages. Defendants are private individuals. As such, they do not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Accordingly, plaintiff has failed to state a cognizable claim for relief under § 1983. Moreover, plaintiff's allegations are clearly baseless, irrational or wholly incredible, and therefore must be dismissed as frivolous under sections 1915A and 1915(e)(2).

7.   Riches v. Pesce, No. C 07-6309 MJJ (PR)

Plaintiff brings claims under 42 U.S.C. § 1983 against defendant Michael Scott Pesce, a.k.a. "Fallen Angel." Plaintiff alleges that defendant was his co-defendant in criminal proceedings, and that defendant used to be his friend. Plaintiff states that he "seeks his friendship back from defendant." Defendant is a private individual. As such, he does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Accordingly, plaintiff has failed to state a cognizable claim for relief under § 1983.

8.   Riches v. Gotti, et al., No. C 07-6311 MJJ (PR)

Plaintiff sues defendants John Gotti, John A. Gotti, Peter Gotti, Richard G. Gotti, Victoria Gotti, Irv Gotti, and "Growing Up Gotti" under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 392-97 (1971). Plaintiff seeks 73 million dollars in damages and a restraining order against defendants from using his name "illegally for interstate commerce." He alleges that defendants used his money to bet on sports, that they used his credit card at two restaurants and that they stole his suits. Bivens authorizes a private right of action for allegations of constitutional violations made against federal employees or their agents. See id.; Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (except for the replacement of a state

1 actor by a federal actor, actions under 42 U.S.C. § 1983 and <u>Bivens</u> are identical).
2 Defendants are private individuals, not federal government employees or federal actors. As
3 such, they do not act under color of federal law and are not proper defendants in a <u>Bivens</u>
4 claim. Accordingly, plaintiff has failed to state a cognizable claim for relief against
5 defendants.

6     9.     <u>Riches v. Jones</u>, No. C 07-6312 MJJ (PR)

7 Plaintiff brings claims under 42 U.S.C. § 1983 against defendant Paula Corbin Jones.
8 He seeks "help" from Jones, and wants her to "check on why" his rights are being violated.
9 Plaintiff alleges that because he is "friends with Bill Clinton," Jones will not help him.
10 Defendant is a private individual. As such, she does not act under color of state law, an
11 essential element of a § 1983 action. See <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980).
12 Purely private conduct, no matter how wrongful, is not covered under § 1983. See <u>Ouzts v.
13 Maryland Nat'l Ins. Co.</u>, 505 F.2d 547, 559 (9th Cir. 1974), <u>cert. denied</u>, 421 U.S. 949
14 (1975). Accordingly, plaintiff has failed to state a cognizable claim for relief under § 1983.

15    10.    <u>Riches v. E. Coli</u>, No. C 07-6313 MJJ (PR)

16 Plaintiff brings claims under 42 U.S.C. § 1983 against the virus E. Coli. He seeks
17 money damages and a restraining order preventing the "defendant" from "entering [his]
18 stomach." As plaintiff's allegations are clearly baseless, irrational or wholly incredible, they
19 will be dismissed as frivolous under sections 1915A and 1915(e)(2).

20    11.    <u>Riches v. Al-Bashir, et al.</u>, No. C 07-6314 MJJ (PR)

21 Plaintiff brings claims under 42 U.S.C. § 1983 against defendants the President of
22 Sudan Omar Al-Bashir, the Darfur region, the city of Khartoum, and "genocide." Plaintiff
23 alleges that Bashir "plans to misplace" plaintiff among "Janjaweed" guards at the prison
24 where plaintiff is incarcerated. He further alleges that he is "suffering genocide," that he will
25 be "shipped to Sudan and attacked" because he is Jewish, that Bashir is denying plaintiff
26 stamps, and that defendants are "blasting cold Canadian air through the vents." As plaintiff's
27 allegations are clearly baseless, irrational or wholly incredible, they will be dismissed as
28 frivolous under sections 1915A and 1915(e)(2).

12. Riches v. Jagr, et al., No. C 07-6315 MJJ (PR)

Plaintiff brings claims under 42 U.S.C. § 1983 against defendants Jaromir Jagr, the New York Rangers, the Pittsburgh Penguins and the Washington Capitals. He alleges that "the NHL stands for Not Having Liberty," that "defendant is taking slap shots at my head," and that defendants "placed me in the penalty box." Defendants, a professional hockey player and three professional hockey teams, are private individuals and entities. As such, they do not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Accordingly, plaintiff has failed to state a cognizable claim for relief under § 1983. Moreover, plaintiff's allegations are clearly baseless, irrational or wholly incredible, and therefore must be dismissed as frivolous under sections 1915A and 1915(e)(2).

13. Riches v. Ford Motor Company, et al., No. C 07-6316 MJJ (PR)

Plaintiff brings claims under 42 U.S.C. § 1983 against the Ford Motor Company, two executives – Alan Mullaly and Bill Ford, and the Ford Mustang. Plaintiff alleges that Ford is neglecting him and other inmates, and that "Ford is guilty of aiding and abetting because a lot of inmates used Ford vehicles to commit crime." He further alleges that Ford employs "numerous illegal immigrants," that Ford is bribing the federal government, and that Ford "took away" his stamps. Defendants are a private company, two private individuals, and a car. As such, they do not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Accordingly, plaintiff has failed to state a cognizable claim for relief under § 1983.

14. Riches v. Tillman, et al., No. C 07-6317 MJJ (PR)

Plaintiff brings claims under 42 U.S.C. § 1983 against defendants Pat Tillman and the Arizona Cardinals football team. Plaintiff alleges that the United States Army "promised to

1  send Pat Tillman" to rescue plaintiff from prison, but instead Tillman "went overseas." He
2  further alleges that the Arizona Cardinals football team "fly over me but do not rescue me,"
3  that Tillman "continues to curse me," and that "Tillman's family don't respond to my letters
4  because I'm Jewish." Defendants are a private individual and a private entity. As such, they
5  do not act under color of state law, an essential element of a § 1983 action. See Gomez v.
6  Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not
7  covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir.
8  1974), cert. denied, 421 U.S. 949 (1975). Accordingly, plaintiff has failed to state a
9  cognizable claim for relief under § 1983. Moreover, plaintiff's allegations are clearly
10 baseless, irrational or wholly incredible, and therefore must be dismissed as frivolous under
11 sections 1915A and 1915(e)(2).

12        15.    Riches v. McDougal, et al., No. C 07-6318 MJJ (PR)

13 Plaintiff brings claims under 42 U.S.C. § 1983 against defendants Susan H. McDougal
14 and James B. McDougal. Plaintiff alleges that defendants work at a savings and loan in
15 Arkansas, and that he sent them a credit application for a loan. He alleges that defendants
16 stole his identity, which they used to obtain a K-mart charge card in Washington state, to
17 purchase pots and pans at Home Depot, and to give loans to a football coach. Defendants are
18 private individuals. As such, they do not act under color of state law, an essential element of
19 a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct,
20 no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co.,
21 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Accordingly, plaintiff
22 has failed to state a cognizable claim for relief under § 1983.

23        16.    Riches v. Francis, et al., No. C 07-6319 MJJ (PR)

24 Plaintiff brings claims under 42 U.S.C. § 1983 against defendants Joseph R. Francis,
25 "Girls Gone Wild," MRA Holdings, LLC, and Mantra Films, Inc.. Plaintiff alleges that
26 Francis is "in negotiations" with prison officials to purchase surveillance tapes of plaintiff in
27 order to create videos called "Prison Guys Gone Wild." He further alleges that Francis sold
28 tapes of petitioner to a television station who then put petitioner on a news show. He also

1 alleges that Francis "is making sure I starve to death to be in top model shape." Defendants
2 are a private individual, a video series, and two private companies. As such, they do not act
3 under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446
4 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under
5 § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert.
6 denied, 421 U.S. 949 (1975). Accordingly, plaintiff has failed to state a cognizable claim for
7 relief under § 1983.

8        17.   Riches v. Wilson, et al., No. C 07-6320 MJJ (PR)

9 Plaintiff brings claims under 42 U.S.C. § 1983 against defendants Genarlow Wilson,
10 Warren Ballentine, and "various registered sex offenders." Plaintiff alleges that he is
11 "personally offended that defendant was released from" custody. He "moves for a
12 restraining order for defendant to stop his sexual behavior." Defendants are private
13 individuals. As such, they do not act under color of state law, an essential element of a §
14 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no
15 matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co.,
16 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Accordingly, plaintiff
17 has failed to state a cognizable claim for relief under § 1983. Moreover, plaintiff's
18 allegations are clearly baseless, irrational or wholly incredible, and therefore must be
19 dismissed as frivolous under sections 1915A and 1915(e)(2).

20       18.   Riches v. Hale, et al., No. C 07-6321 MJJ (PR)

21 Plaintiff brings claims under 42 U.S.C. § 1983 against defendants Matthew Hale and
22 Joan Humphrey Lefkow. He seeks a restraining order against defendants to prevent them
23 from attempting to convert him to "the Church of the Creator." He alleges that both
24 defendants, a prisoner and a federal judge, want him "to be part of the Jewish Holocaust."
25 He further alleges that defendants "plan to break into my cell and move me to Chicago to
26 confront EC Rukn gangs and Black Jordan and Michigan Ave. on Michigan tires." As
27 plaintiff's allegations are clearly baseless, irrational or wholly incredible, they will be
28 dismissed as frivolous under sections 1915A and 1915(e)(2).

G:\PRO-SE\MJJ\CR.07\riches68.dsm.wpd         9

19. Riches v. Allstate BCS Championship, et al., No. C 07-6322 MJJ (PR)

Plaintiff brings claims under 42 U.S.C. § 1983 against "Allstate BCS Championship," and the Bowl Championship Series. Plaintiff alleges that defendants "are in a major conspiracy with the federal government to entertain America away from the truth and abuses in American prisons." He alleges that defendants are "greedy and fail to financially help me on my appeal," and he seeks "all the revenue including parking and programs" from the defendants' college football national championship game. Defendants are a private entity or organization. As such, they do not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Accordingly, plaintiff has failed to state a cognizable claim for relief under § 1983. Moreover, plaintiff's allegations are clearly baseless, irrational or wholly incredible, and therefore must be dismissed as frivolous under sections 1915A and 1915(e)(2).

20. Riches v. Huckabee, et al., No. C 07-6323 MJJ (PR)

Plaintiff brings claims under 42 U.S.C. § 1983 against Mike Huckabee, the former Governor of Arkansas and current presidential candidate, and his wife, Janet Huckabee. He seeks an order preventing defendants from "campaigning and lobbying" for his "illegal incarceration." Defendants are private individuals. As such, they do not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Accordingly, plaintiff has failed to state a cognizable claim for relief under § 1983.

21. Riches v. Crocker, et al., No. C 07-6324 MJJ (PR)

Plaintiff brings claims under 42 U.S.C. § 1983 against Chris Crocker, Myspace.com, and Youtube.com. He alleges that defendant Crocker "keeps talking negative about me on his blogs," and is instructing prison officials to subject plaintiff to adverse conditions at the

prison. Defendants are a private individual and two private internet companies. As such, they do not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Accordingly, plaintiff has failed to state a cognizable claim for relief under § 1983.

22.     Riches v. King, et al., No. C 07-6325 MJJ (PR)

Plaintiff brings claims under 42 U.S.C. § 1983 against Rodney Glen King, Stacey C. Koon, Laurence M. Powell, the Los Angeles Police Department, and the "L.A. Riots." Plaintiff alleges that defendants are "in a conspiracy with" officials at his federal prison in South Carolina to "beat my constitutional rights out of me" by providing adverse conditions at his prison. Plaintiff's claims regarding defendants' involvement in the alleged conditions of his confinement are clearly baseless, irrational or wholly incredible, and as such they will be dismissed as frivolous under sections 1915A and 1915(e)(2).

Within the past two months, plaintiff has sent to this court approximately 160 different civil complaints setting forth similarly improbable, if not impossible, allegations and frivolous claims against a litany of defendants.[2] Plaintiff has also filed frivolous cases in other federal district courts, prompting one United States District Judge to make the following finding about plaintiff's filings:

> It is not clear whether these outlandish pleadings are products of actual mental illness or simply a hobby akin to short story writing. Whatever their origin, and though they are amusing to the average reader, they do nothing more than clog the machinery of justice, interfering with the court's ability to address the needs of the genuinely aggrieved. It is time for them to stop.
> The Court notes that Riches did not pay the filing fee in either of the cases cited here. Rather than impose sanctions, the Court will simply require that he pay the fee with any future complaints. If this requirement fails to dissuade Riches from further meritless filings, the Court will impose stiffer requirements and/or sanctions until Riches finds another way to occupy his time.

---

[2] Including the cases addressed herein, approximately 90 of plaintiff's cases have been filed and dismissed as frivolous or on other similar grounds. Plaintiff's remaining cases are currently in the process of being filed, and a review of the complaints in such cases indicates that they set forth similarly frivolous allegations and claims.

Riches v. Simpson, et al., No. 6:07-cv-1504-Orl-31KRS, slip op. at 1-2 (M.D. Fla. Sept. 24, 2007). Other district courts have required plaintiff, in light of his history of frivolous filings, to pay the full filing fee at the time he attempts fo file any future civil complaint. See id. at slip op. 2 (requiring plaintiff Jonahthan Lee Riches to pay full filing fee at time of filing any future complaint); Riches v. Schiavo, et al., No. 8:07-cv-1730-T-17TBM, slip op. at 2 (M.D.Fla., Sept. 26, 2007) (same). In light of the large number frivolous complaints filed by plaintiff, the burden this has placed on this court, and plaintiff's continuation of such filings unabated, the Court finds a similar requirement should be imposed on plaintiff.

For the foregoing reasons, the Court hereby orders as follows:

1. This action is DISMISSED as frivolous.

2. Plaintiff Jonathan Lee Riches is restricted from filing any civil complaints in this Court without payment of the full statutory filing fee (presently $350.00). The Clerk is directed to refuse any civil complaint that is not accompanied by such fee at the time of its attempted filing.

The Clerk shall close the files and file a copy of this order in each of the cases listed in the caption of this order.

IT IS SO ORDERED.

DATED: 1/1/2008

MARTIN J. JENKINS
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN L. RICHES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JASON GIAMBI et al,<br><br>　　　　Defendant.<br>_____/ | Case Numbers:　(PR)<br>CV07-06156 MJJ　CV07-06315 MJJ<br>CV07-06271 MJJ　CV07-06316 MJJ<br>CV07-06272 MJJ　CV07-06217 MJJ<br>CV07-06273 MJJ　CV07-06318 MJJ<br>CV07-06274 MJJ　CV07-06219 MJJ<br>CV07-06308 MJJ　CV07-06320 MJJ<br>CV07-06309 MJJ　CV07-06321 MJJ<br>CV07-06311 MJJ　CV07-06322 MJJ<br>CV07-06312 MJJ　CV07-06323 MJJ<br>CV07-06313 MJJ　CV07-06324 MJJ<br>CV07-06314 MJJ　CV07-06325 MJJ |

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jonathan Lee Riches
F.C.I. Williamsburg
Prisoner Id 40948-018
P.O. Box 340
Salters, SC 29590

Dated: January 3, 2008

Richard W. Wieking, Clerk
By: Monica Tutson, Deputy Clerk